## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

KENT W. RINNE,

               Plaintiff,

vs.

CITY OF BEATRICE, DERRICK HOSICK,
Beatrice Police Department Officer #306,
ANTHONY CHISANO, Beatrice Police
Department Officer #304, and NATASHA
NESBITT, Beatrice Police Officer #316.

               Defendants.

Case No. _____

**COMPLAINT,
JURY DEMAND,
AND DESIGNATION OF
PLACE OF TRIAL**

Plaintiff, KENT W. RINNE, by and through his undersigned attorneys, for his complaint against Defendants CITY OF BEATRICE, DERRICK HOSICK, Beatrice Police Department Officer #306, ANTHONY CHISANO, Beatrice Police Department Officer #304, and NATASHA NESBITT, Beatrice Police Officer #316, hereby alleges as follows:

### INTRODUCTION

1. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 against the City of Beatrice, Nebraska, and against Beatrice Police Department Officers named above who were involved in the false arrest, arrest without probable cause, use of excessive force resulting in serious injury, and false imprisonment resulting in continued detention of the Plaintiff on or about August 25, 2016. This case is an egregious example of police misconduct, featuring multiple violations by Defendants of Plaintiff's rights secured by the United States Constitution. As a

1

result of the Defendants' unconstitutional tactics, Plaintiff suffered bilateral rotator cuff tears, bilateral knee injury, chronic headaches and other physical injuries, damage to his reputation in the community, involuntary confinement, and anxiety and psychological trauma that continues to the present day. This suit is brought to redress the sizeable injury that Defendants inflicted upon Plaintiff by their deliberate violations of Plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution.

2. This suit also seeks damages against the City of Beatrice, Nebraska for its failure to properly train and supervise the officers who participated in the unconstitutional arrest, use of force, and imprisonment of Plaintiff, including training to deescalate citizen confrontations.

3. Upon information and belief, the City of Beatrice, the Beatrice Police Department and the City Attorney have a policy of arresting, charging and prosecuting any individual injured as a result of use of force by law enforcement, in the absence of probable cause and inability to prove the offenses beyond a reasonable doubt to a judge. The City of Beatrice, the City Attorney, the Beatrice Police Department, the Mayor of Beatrice, the Chief of Police, and the Chief Criminal Prosecutor have a custom, practice and policy of failing to properly train its police officers in the conduct of criminal investigations.

**JURISDICTION**

4. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the

2

Constitution of the United States, and under federal law, particularly the Civil Rights Act, 42 U.S.C §§ 1983 and 1988.

5. This Court has jurisdiction of this cause because and by virtue of 28 U.S.C. §§ 1331, 1332, and 1343.

### SUPPLEMENTAL JURISDICTION

6. Plaintiff's claim and causes of action also arise under the Nebraska Political Subdivisions Tort Claims Act as set forth in Nebraska Revised Statutes §§ 13-901 – 13-928 as a "wrongful act or omission" within the scope of the defendant officers' employment.

7. Plaintiff served a notice of claim upon the City of Beatrice within one year of the August 25, 2016 incident giving rise to this lawsuit.

8. This Court has supplemental jurisdiction in accordance with 28 U.S.C. § 1367, as Plaintiff's state law "claims…are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

### VENUE

9. The substantial number of events that give rise to this lawsuit took place in the City of Beatrice, County of Gage, Nebraska.

10. Defendant City of Beatrice is a governmental entity and political subdivision of the State of Nebraska, is the county seat of Gage County, Nebraska, and is found in the Lincoln Division of the United States District Court for the District of Nebraska. Population estimates indicate the population of Beatrice is 12,362.

3

11. Plaintiff has properly laid venue in this court in accordance with 28 U.S.C. § 1391(b).

## PARTIES

12.     On August 25, 2016, Kent Rinne was an unemployed individual actively searching for work as an outside sales representative for which a clean driving record is a requirement. At all times relevant hereto Kent Rinne is and has been a legal resident of Beatrice, County of Gage, State of Nebraska.

13. At all times relevant hereto the City of Beatrice is or has been a political subdivision under the laws of the State of Nebraska as a city of the first class, and may be sued pursuant to Neb. Rev. Stat. §16-201.

14. At all relevant times set forth herein, Derrick Hosick, Anthony Chisano, and Natasha Nesbitt were police officers employed by the Beatrice Police Department and at all times mentioned in this complaint were acting under color of law and color of their authority as police officers of the Beatrice Police Department.  The Defendants are sued both individually and in their official capacity.

## ALLEGATIONS OF FACT

15. On August 25, 2016, Plaintiff was a 68-year-old unemployed outside sales representative and resident of Beatrice, Nebraska.

16. Prior to this incident, Plaintiff never had violent confrontations with police nor been convicted of driving under the influence of alcohol, refusal to submit to submit to a breath test, failing to obey a lawful order of a peace officer, nor similar crimes.

4

17. At or around 7:00 PM on Thursday, August 25, 2016, Plaintiff was at his home located at 1200 South 6th Street in Beatrice, Nebraska.

18. At or about 7:30 PM on Thursday, August 25, 2016, defendant Officer Derrick Hosick was driving northbound in the 900 block of South 6th Street when he allegedly encountered a vehicle driving southbound in the 800 block of South 6th Street that was traveling at 50 miles per hour in a 35 mile per hour speed zone. Officer Hosick made a u-turn to pursue the speeding vehicle, but lost line of sight with the vehicle when it passed over a bridge at the Big Blue River.

19. Plaintiff was not the driver of the vehicle pursued by Officer Hosick. Plaintiff was at home and not driving his vehicle at the time Officer Hosick first saw the vehicle he pursued.

20. Officer Hosick continued south of the bridge where he saw plaintiff leaving his home and walking in the direction of his car. Plaintiff was stopped by Officer Derrick Hosick, armed and in uniform.

21. While Plaintiff was lawfully on his own premises, Officer Derrick Hosick attempted to conduct a field sobriety test without probable cause. Officer Hosick did not mention the speeding vehicle.

22. Without probable cause, Officer Hosick used excessive force to attempt maneuver Plaintiff to the patrol unit to administer a preliminary breath test. Plaintiff informed Officer Hosick that he was not drunk and stated that he wanted to wait for his wife to get home.

23. At this point, Officer Natasha Nesbitt arrived and began to assist Officer Hosick. Plaintiff was manhandled by the officers while they placed him under arrest, forced his arms behind his back, and put him in the back of the patrol unit. Plaintiff informed the officers that he had a previous surgery on his right shoulder and had trouble putting his hands behind his back. Plaintiff informed the officers that he had recent knee surgery and could not sit in the back of the patrol unit.

24. Officer Anthony Chisano arrived and forcefully attempted to put Plaintiff in the back of the patrol unit.

25. During the altercation, the excessive force used by Officers Hosick, Nesbitt and Chisano caused an acute full tear of Plaintiff's left rotator cuff, a full tear of Plaintiff's previously repaired right rotator cuff, injury to Plaintiff's left wrist, and chronic headaches, among other injuries.

26. Plaintiff was arrested and received a criminal citation for driving under the influence, refusal to submit to a preliminary breath test and failing to obey a police officer. On or about October 4, 2016, Plaintiff was arraigned on only two charges, driving under the influence and refusal to submit to preliminary breath test.

27. After the charges were filed, the Gage County Attorney conducted further review of the evidence and "determined that the facts did not rise to a level of probable cause to support an arrest for these two charges." On or about November 23, 2016, the charges for driving under the influence and refusal to submit to a preliminary breath test were dropped by the Gage County Attorney.

6

28. Upon information and belief, Defendants, individually and acting in concert, deliberately and with reckless disregard of the truth, failed to collect evidence, destroyed evidence, lost evidence and manipulated evidence. Specifically, although the individual police officers were equipped with body cameras, the individual police officers turned off the body cameras, failed to record, destroyed recordings, or lost recordings depicting key periods before, during and after their interactions with the Plaintiff in an effort to manipulate the available evidence.

29. Defendants, individually and acting in concert, deliberately and with reckless disregard of the truth, attempted to deprive the Plaintiff of his rights under the U.S. Constitution by making a warrantless arrest with no probable cause, by harassing the Plaintiff, by not accepting a truthful answer as truthful, by physically assaulting the Plaintiff, by using excessive force against the Plaintiff, by arresting the Plaintiff under false pretenses, by depriving the Plaintiff of his liberty without probable cause, and by prosecuting the Plaintiff.

30. Plaintiff was forced to post a bond to regain his liberty, which he was unable to do until August 26, 2016.

31. After posting bond on August 26, 2016, Plaintiff sought medical treatment for the injuries caused by the use of excessive force. Two MRI's at Beatrice Hospital showed an acute full tear of Plaintiff's left rotator cuff and an acute full tear of the previously repaired right rotator cuff as a result of the unreasonable and excessive force inflicted by the Officers. In addition to the torn rotator cuffs, Plaintiff suffered injuries to his left wrist, chronic headaches,

cuts, bruises, scrapes, and contusions as a result of the unreasonable and excessive force inflicted by the Officers.

32. The force that defendants used in seizing, manhandling, forcing Plaintiff's arms behind his back, and forcing Plaintiff into the patrol unit was excessive and unreasonable under the circumstances then existing, as well as clearly unconstitutional under established law of the Fourth and Fourteenth Amendments to the United States Constitution. Neither violent force nor deadly force was necessary or reasonable against Plaintiff.

33. Plaintiff neither consented, invited, nor provoked the use of force by Defendants.

34. Plaintiff neither consented, invited, nor provoked the confinement to the patrol unit or jail caused by Defendants.

35. Under the facts of this case, there should not have been a stop. Conditions in the area of the alleged speeding, including a nearby electrical substation, overhead power lines, and nearby radio communication tower created a high probability of radar failure. Officer Hosick was not able to keep the alleged speeding vehicle in his sight during his pursuit. As a result, Officer Hosick stopped the wrong person. Indeed, Plaintiff was at his home when Officer Hosick claims he saw a speeding vehicle.

36. The City of Beatrice does not provide adequate training to its police officers in the conduct of criminal investigations. In particular, The City of Beatrice does not provide adequate training on how to make routine traffic

stops, how to detect whether a field sobriety or other sobriety test is appropriate and how to deescalate tense situations.

37. The City of Beatrice does not provide adequate training to its police officers in other aspects of criminal investigations, including how to determine the existence of probable cause for arrest and what constitutes arrest for Fourth Amendment purposes.

38. The City of Beatrice knew or should have known about the need for adequate training in the areas set forth in the proceeding paragraphs as the conditions giving rise to the need for adequate training have existed for a sufficiently lengthy period of time that the City of Beatrice would have discovered the inadequacy of its training. Despite this actual knowledge, the Defendant failed to properly train its police officers and failed to establish policies and procedures for the proper training of its officers. In failing to adopt adequate training policies in these areas, the City of Beatrice was deliberately indifferent to the rights of persons who might be victims of a crime, witnesses to a crime or suspected of committing a crime.

39. The City of Beatrice and the Beatrice Police Department disregarded the known and obvious consequences of the failure to train, to wit, physical and emotional injuries and deprivation of constitutional rights to individuals wrongfully arrested.

40. The City of Beatrice and the Beatrice Police Department ratified the unconstitutional conduct of Officers Hosick, Nesbitt and Chisano by failing to take any disciplinary action against the Officers.

41. The City of Beatrice's failure to provide adequate training in the areas set forth in paragraphs 36 and 37 above caused the injuries to Plaintiff that are described below.

42. The Defendants inflicted severe pain upon Plaintiff.

43. The Defendants threatened to inflict further pain upon Plaintiff by threatening to taser the Plaintiff.

44. The Defendants falsely imprisoned Plaintiff.

45. The Defendants inflicted severe emotional distress as the direct result of the bodily injuries and false imprisonment inflicted upon him by Defendants.

46. Defendants have caused Plaintiff to suffer lost income, the precise amount of which will be proven at trial.

47. Defendants have caused Plaintiff's driver's license to be administratively revoked improperly and without cause. The administrative revocation has interfered with Plaintiff's ability to find work and remains on the Plaintiff's driving record, continuing to interfere with the Plaintiff's ability to find work.

48. Defendants have caused Plaintiff to incur medical bills, the precise amount of which will be proven at trial.

49. Plaintiff's injuries were incurred as a direct and proximate result of the excessive use of force by Defendants, and Defendants have refused to pay these medical bills.

50. Defendants have caused Plaintiff to suffer permanent injuries and impairment. The nature and extent of the permanent impairment is unknown at this time, but will be proven at trial.

## CLAIM I: INFLICTION OF EXCESSIVE, UNREASONABLE FORCE IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983

51. Plaintiff incorporates the allegations set forth in Paragraphs 1-50 as if fully set forth herein.

52. Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano, jointly and severally, in their individual capacities, under color of law as Beatrice police officers, violated plaintiff's clearly established right to be free from infliction of excessive, unreasonable force as a detainee and arrestee under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983.

53. The Supreme Court has stated that, "the severity of the crime at issue" is one of the facts that must be analyzed in determining whether the use of force was reasonable.  *See Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865 (1989). In the instant case the "crime" at issue was an alleged traffic violation.

54. The officers' use of force was <u>not</u> objectively reasonable under the circumstances, as Plaintiff was not suspected of committing a crime, was unarmed, did not instigate violence, did not pose a threat to the safety of the officers or others, and was not attempting to evade arrest.  Therefore, Defendants do not enjoy the protection of qualified immunity.

55. Each of the individual defendants named in this Claim I acted knowingly, intentionally and with malice. Each individual defendant was deliberately indifferent to Plaintiff's constitutional rights.

11

56. Defendant City of Beatrice is liable for the misconduct of Defendants Hosick, Nesbitt, and Chisano because the policies, customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim I as more fully alleged above.

57. Defendant City of Beatrice is liable for the misconduct of Defendants Hosick, Nesbitt, and Chisano because the City of Beatrice ratified the conduct of Defendants Hosick, Nesbitt, and Chisano by failing to take any disciplinary action against the individual police officers.

58. Plaintiff suffered full tears to his left and right rotator cuffs, injury to his left wrist, chronic headaches, and other physical injuries as a result of the excessive, unreasonable force used by the officers.

59. As a result of the physical injuries from the use of excessive force, Plaintiff has suffered and continues to suffer severe mental anguish and ongoing pain and suffering.

60. As a result of the excessive, unreasonable force used by the Officers, Plaintiff has suffered permanent injuries and impairment.

## CLAIM II: FALSE ARREST IN VIOLATION OF
## U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983

61. Plaintiff incorporates the allegations set forth in Paragraphs 1-60 as if fully set forth herein.

62. "A citizen who is arrested without probable cause can bring a civil action against the officer under 42 USC § 1983 for false arrest. A false arrest is a violation of the Fourth Amendment right against unreasonable seizure of

persons." *Proving Probable Cause: Allocating the Burden of Proof in False Arrest Claims Under § 1983,* 73 U. Chi. L.Rev. 347, 347–48 (2006).

63. Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano, jointly and severally, in their individual capacities, under color of law as Beatrice police officers, violated plaintiff's clearly established right to be free from arrest without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983.

64. "Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

65. Officers are "entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable"—that is, officers are not liable if they had "arguable probable cause" to make the arrest. *Amrine v. Brooks,* 522 F.3d 823, 832 (8th Cir.2008). Here, probable cause was absent as well as reasonable suspicion, articulable suspicion, or even a hunch or gut feeling to support this violent, warrantless arrest. The Gage County Attorney determined, after a review of the evidence, that there was no probable cause to support the arrest.

66. There was a total lack of any facts to support probable cause for the arrest. When Officer Hosick lost sight of the vehicle he was targeting, probable cause was lost as the circumstances within Officer Hosick's knowledge would

not lead a person of reasonable caution to believe that Plaintiff was the driver of the vehicle Officer Hosick was allegedly pursuing.

67. Defendants were not acting pursuant to a facially valid warrant or in response to a complaint from any person about possible criminal conduct by the Plaintiff. Therefore, the Defendants lacked "arguable probable cause" and are therefore not protected by qualified immunity as their mistake was not objectively reasonable under the circumstances.

68. Plaintiff was at home and not driving at the time Officer Hosick allegedly saw a speeding vehicle. Plaintiff could not have been the driver of the speeding vehicle.

69. Due to the terrain and bridge over the Big Blue River, Officer Hosick could not have continuously maintained sight of the speeding vehicle.

70. Plaintiff cooperated with the Officer Hosick and did not refuse to submit to a blood alcohol test.

71. Each of the individual defendants named in this Claim II acted knowingly, intentionally and with malice. Each individual defendant was deliberately indifferent to Plaintiff's constitutional rights.

72. Upon information and belief, Defendant City of Beatrice has an official policy, through its Chief of Police, and Chief Criminal Prosecutor, of arresting and prosecuting individuals injured as a result of use of force by law enforcement, in violation of the individuals' constitutional rights.

73. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the policies,

14

customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim II as more fully alleged above.

74. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the City of Beatrice ratified the conduct of Defendants Hosick, Nesbitt, and Chisano by failing to take any disciplinary action against the individual police officers.

75. As a result of the false arrest of Plaintiff by Defendants, Plaintiff suffered and continues to suffer physical injuries, mental anguish, pain and suffering, shame, humiliation, *inter alia.*

### CLAIM III: FALSE IMPRISONMENT IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983

76. Plaintiff incorporates the allegations set forth in Paragraphs 1-75 as if fully set forth herein.

77. "A false imprisonment consists in the unlawful restraint against his will of an individual's personal liberty and any intentional conduct that results in the placing of a person in a position where he cannot exercise his will in going where he may lawfully go." *Huskinson v. Vanderheiden,* 197 Neb. 739, 742, 251 N.W.2d 144, 146 (1977)

78. Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano, jointly and severally, in their individual capacities, under color of law as Beatrice police officers, violated plaintiff's clearly established right to be free from false imprisonment under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983.

15

79. Plaintiff was placed under arrest without probable cause and taken to the jail where he remained until the following day. While being transported, Plaintiff was handcuffed. Plaintiff was held at the Gage County jail until the following day before being released on bail. From the time he was placed in the patrol unit until his release from jail, Plaintiff was intentionally and unlawfully restrained against his will and was placed in a position where he was unable to exercise his free will in going where he may lawfully go.

80. Defendants are not shielded by qualified immunity from the charge of false imprisonment because they lacked the requisite probable cause to arrest and detain the Plaintiff against his will because Plaintiff had committed no crime.

81. Each of the individual defendants named in this Claim III acted knowingly, intentionally and with malice. Each individual defendant was deliberately indifferent to Plaintiff's constitutional rights.

82. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the policies, customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim III as more fully alleged above.

83. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the City of Beatrice ratified the conduct of Defendants Hosick, Nesbitt, and Chisano by failing to take any disciplinary action against the individual police officers.

16

84. Due to the false imprisonment inflicted on Plaintiff by Defendants, Plaintiff continues to suffer mental anguish, ongoing pain and suffering, permanent injuries and impairment, shame, and humiliation.

## CLAIM IV: NEGLIGENCE

85. Plaintiff incorporates the allegations set forth in Paragraphs 1-84 as if fully set forth herein.

86. Defendant City of Beatrice was careless, negligent, grossly negligent, and/or reckless in one or more of the following ways:

> a) Failing to implement policies, customs, and practices to prevent excessive use of force by Beatrice Police Officers in general, and specifically those officers assigned traffic patrol;
>
> b) Failing to properly screen applicants applying for jobs with the Beatrice Police Department for service in the traffic patrol unit;
>
> c) Failing to properly train Beatrice Police Officers, and in particular those officers assigned to traffic patrol; and
>
> d) Failing to properly supervise Beatrice Police Officers in the performance of their duties.

87. Due to the negligence of Defendants Plaintiff suffered severe physical injuries, suffered loss of Constitutional rights, mental anguish, ongoing pain and suffering, and permanent injury and impairment.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

17

A. That this Court enter judgment, after a favorable jury verdict, in Plaintiff's favor and against each of the Defendants named herein and award sufficient compensatory damages to compensate him for his injuries;

B. That this Court also award Plaintiff, after a favorable jury verdict, sufficient punitive damages available under federal law to punish and deter the named individual defendants for their misconduct as alleged herein;

C. That this Court award Plaintiff attorneys fees pursuant to 42 U.S.C. 1988;

D. That Plaintiff be awarded his costs of suit;

E. That this Court award Plaintiff damages for medical bills;

F. That this Court award Plaintiff damages for permanent physical injury and impairment and mental anguish; and

G. For such further and additional relief as this Court may deem equitable, just, and reasonable.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiff demands that this case be tried to a twelve (12) member jury with one alternate in Lincoln, Nebraska.

Kent W. Rinne, Plaintiff

BY: s/Richard L. Boucher
Richard L. Boucher, #16202
BOUCHER LAW FIRM
West Gate Bank Building
5555 S. 27th Street, Ste. A
Lincoln, NE 68512
T.  (402) 475-3865
F.  (402) 475-2326
rboucher@boucherlawfirm.com

18

<u>PRAECIPE</u>

TO THE CLERK OF THE ABOVE COURT:

Please issue a summons in the above matter and deliver the same to Richard L. Boucher, Boucher Law Firm, West Gate Bank Building, 5555 S. 27th Street, Ste. A, Lincoln, NE 68512 in order that he may, in accordance with Nebraska Revised Statutes, serve a copy upon the Defendants' representative.

The summons, along with a copy of this complaint, shall be served upon the Defendants' representative via certified mail.

<u>s/ Richard L. Boucher</u>
Richard L. Boucher, #16202

**VERIFICATION**

**STATE OF**                                   )
                                               )ss.
**COUNTY OF**                                  )

    I, Kent W. Rinne, being duly sworn on oath, state that I have read the

foregoing COMPLAINT and that the allegations contained therein are true and

correct to the best of my knowledge and belief.

KENT W. RINNE

Subscribed and sworn before me this ____9th____ day of __March__, 2018.

Notary Public

GENERAL NOTARY - State of Nebraska
SHIRLEY K. DONE'
My Comm. Exp. November 20, 2019