IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENT W. RINNE, | ) |
| | ) |
| Plaintiff, | ) 4:18CV3037 |
| | ) |
| v. | ) |
| | ) **AMENDED** |
| CITY OF BEATRICE, DERRICK | ) **MEMORANDUM** |
| HOSICK, Beatrice Police Department | ) **AND ORDER** |
| Officer #306, ANTHONY | ) |
| CHISANO, Beatrice Police | ) |
| Department Officer #304, and | ) |
| NATASHA NESBITT, Beatrice | ) |
| Police Officer #316, | ) |
| | ) |
| Defendants. | ) |

Plaintiff brings this 42 U.S.C. § 1983 action against the City of Beatrice and three of its police officers, in their individual and official capacities, alleging that the Defendants used excessive force while falsely arresting and imprisoning him in violation of his Fourth and Fourteenth Amendment rights. Plaintiff further claims that the City failed to properly train its officers on various aspects of conducting criminal investigations; maintains policies, customs, and practices that caused the Plaintiff to suffer violations of his constitutional rights; and ratified the officers' unconstitutional conduct by failing to discipline them.[1]

The Defendants have moved to partially dismiss Plaintiff's Complaint under [Fed. R. Civ. P. 12(b)(6)](Fed. R. Civ. P. 12(b)(6)) (Filing No. 7), asserting that: (1) Plaintiff's section 1983 claims against the City and the police officers in their official capacities must be

---

[1] Plaintiff originally also asserted a negligence claim, but that claim was dismissed without prejudice (Filing No. 12) upon the parties' Stipulation of Partial Dismissal (Filing No. 11).

dismissed because Plaintiff has failed to allege sufficient facts to establish the existence of a municipal policy, custom, or failure to train that caused Plaintiff's injuries; and (2) Plaintiff's false-imprisonment claim must be dismissed as duplicative of Plaintiff's false-arrest claim.

## I. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

For the purposes of a motion to dismiss, the court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (internal quotation marks and citation omitted). The court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." Id. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to [state] a claim under Fed. R. Civ. P. 12(b)(6)." Hawkins Constr. Co. v. Peterson Contractors, Inc., 970 F. Supp. 2d 945, 949 (D. Neb. 2013).

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citations omitted). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

**B. Plaintiff's Factual Allegations**

For purposes of ruling on Defendants' Rule 12(b)(6) motion, the court considers the following material facts alleged in Plaintiff's Complaint as true:

17. At or around 7:00 PM on Thursday, August 25, 2016, Plaintiff was at his home located at 1200 South 6th Street in Beatrice, Nebraska.

18. At or about 7:30 PM on Thursday, August 25, 2016, defendant Officer Derrick Hosick was driving northbound in the 900 block of South 6th Street when he allegedly encountered a vehicle driving southbound in the 800 block of South 6th Street that was traveling at 50 miles per hour in a 35 mile per hour speed zone. Officer Hosick made a u-turn to pursue the speeding vehicle, but lost line of sight with the vehicle when it passed over a bridge at the Big Blue River.

19. Plaintiff was not the driver of the vehicle pursued by Officer Hosick. Plaintiff was at home and not driving his vehicle at the time Officer Hosick first saw the vehicle he pursued.

20. Officer Hosick continued south of the bridge where he saw plaintiff leaving his home and walking in the direction of his car. Plaintiff was stopped by Officer Derrick Hosick, armed and in uniform.

21. While Plaintiff was lawfully on his own premises, Officer Derrick Hosick attempted to conduct a field sobriety test without probable cause. Officer Hosick did not mention the speeding vehicle.

22. Without probable cause, Officer Hosick used excessive force to attempt maneuver [sic] Plaintiff to the patrol unit to administer a preliminary breath test. Plaintiff informed Officer Hosick that he was not drunk and stated that he wanted to wait for his wife to get home.

23. At this point, Officer Natasha Nesbitt arrived and began to assist Officer Hosick. Plaintiff was manhandled by the officers while they placed him under arrest, forced his arms behind his back, and put him in the back of the patrol unit. Plaintiff informed the officers that he had a previous surgery on his right shoulder and had trouble putting his hands behind his back. Plaintiff informed the officers that he had recent knee surgery and could not sit in the back of the patrol unit.

24. Officer Anthony Chisano arrived and forcefully attempted to put Plaintiff in the back of the patrol unit.

25. During the altercation, the excessive force used by Officers Hosick, Nesbitt and Chisano caused an acute full tear of Plaintiffs left rotator cuff, a full tear of Plaintiff's previously repaired right rotator cuff, injury to Plaintiffs left wrist, and chronic headaches, among other injuries.

26. Plaintiff was arrested and received a criminal citation for driving under the influence, refusal to submit to a preliminary breath test and failing to obey a police officer. On or about October 4, 2016, Plaintiff was arraigned on only two charges, driving under the influence and refusal to submit to preliminary breath test.

27. After the charges were filed, the Gage County Attorney conducted further review of the evidence and "determined that the facts did not rise to a level of probable cause to support an arrest for these two charges." On or about November 23, 2016, the charges for driving under the influence and refusal to submit to a preliminary breath test were dropped by the Gage County Attorney.

> * * *
>
> 31. After posting bond on August 26, 2016, Plaintiff sought medical treatment for the injuries caused by the use of excessive force. Two MRI's at Beatrice Hospital showed an acute full tear of Plaintiff's left rotator cuff and an acute full tear of the previously repaired right rotator cuff as a result of the unreasonable and excessive force inflicted by the Officers. In addition to the torn rotator cuffs, Plaintiff suffered injuries to his left wrist, chronic headaches, cuts, bruises, scrapes, and contusions as a result of the unreasonable and excessive force inflicted by the Officers.

(Filing No. 1.)

## **C. Municipal Liability**

Plaintiff seeks to hold the City of Beatrice[2] liable under § 1983 for the Defendant police officers' alleged use of excessive force while falsely arresting and imprisoning him in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's Complaint contains the following allegations regarding the City of Beatrice's potential liability:

---

[2]Plaintiff's claims against Defendant police officers Hosick, Chisano, and Nesbitt in their official capacities are "functionally equivalent" to his claims against the City of Beatrice. *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018) (because "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named") (internal quotation and citation omitted).

2. This suit also seeks damages against the City of Beatrice, Nebraska for its failure to properly train and supervise the officers who participated in the unconstitutional arrest, use of force, and imprisonment of Plaintiff, including training to deescalate citizen confrontations.

3. Upon information and belief, the City of Beatrice, the Beatrice Police Department and the City Attorney have a policy of arresting, charging and prosecuting any individual injured as a result of use of force by law enforcement, in the absence of probable cause and inability to prove the offenses beyond a reasonable doubt to a judge. The City of Beatrice, the City Attorney, the Beatrice Police Department, the Mayor of Beatrice, the Chief of Police, and the Chief Criminal Prosecutor have a custom, practice and policy of failing to properly train its police officers in the conduct of criminal investigations.

* * *

36. The City of Beatrice does not provide adequate training to its police officers in the conduct of criminal investigations. In particular, The City of Beatrice does not provide adequate training on how to make routine traffic stops, how to detect whether a field sobriety or other sobriety test is appropriate and how to deescalate tense situations.

37. The City of Beatrice does not provide adequate training to its police officers in other aspects of criminal investigations, including how to determine the existence of probable cause for arrest and what constitutes arrest for Fourth Amendment purposes.

38. The City of Beatrice knew or should have known about the need for adequate training in the areas set forth in the proceeding [sic] paragraphs as the conditions giving rise to the need for adequate training have existed for a sufficiently lengthy period of time that the City of Beatrice would have discovered the inadequacy of its training. Despite this actual knowledge, the Defendant failed to properly train its police officers and failed to establish policies and procedures for the proper training of its officers. In failing to adopt adequate training policies in these areas, the City of Beatrice was deliberately indifferent to the rights

of persons who might be victims of a crime, witnesses to a crime or suspected of committing a crime.

39. The City of Beatrice and the Beatrice Police Department disregarded the known and obvious consequences of the failure to train, to wit, physical and emotional injuries and deprivation of constitutional rights to individuals wrongfully arrested.

* * *

41. The City of Beatrice's failure to provide adequate training in the areas set forth in paragraphs 36 and 37 above caused the injuries to Plaintiff that are described below.

* * *

56. Defendant City of Beatrice is liable for the misconduct of Defendants Hosick, Nesbitt, and Chisano because the policies, customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim I as more fully alleged above.

* * *

72. Upon information and belief, Defendant City of Beatrice has an official policy, through its Chief of Police, and Chief Criminal Prosecutor, of arresting and prosecuting individuals injured as a result of use of force by law enforcement, in violation of the individuals' constitutional rights.

73. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the policies, customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim II as more fully alleged above.

* * *

82. Defendant City of Beatrice is liable for the misconduct of Defendants Derrick Hosick, Natasha Nesbitt, and Anthony Chisano because the policies, customs and practices of the City of Beatrice caused the constitutional violations alleged in this Claim III as more fully alleged above.

(Filing No. 1.)

**1. Policy or Custom**

A municipality can be liable under section 1983 "'only where the municipality *itself* causes the constitutional violation at issue. . . . It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983.'" *Brewington v. Keener*, No. 17-1382, ___F.3d___, 2018 WL 4117728, at *2 (8th Cir. Aug. 30, 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (additional internal quotations and citations omitted)).

An "official policy" involves "'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

To establish a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646. *See also Brewington v. Keener*, No. 17-1382 & 17-1433, ___ F.3d ___, 2018 WL 4117728, at *2-3 (8th Cir. Aug. 30, 2018) ("when a plaintiff alleges an unwritten or unofficial policy, there must be evidence of . . . a practice, so permanent and well-settled so as to constitute a custom"; "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law.") (internal quotations and citations omitted).

Here, Plaintiff fails to allege factual content that allows the court to draw the reasonable inference that the defendant is liable for enacting or authorizing a policy or custom that caused a constitutional violation.

Insofar as a "policy" is concerned, Plaintiff does not allege that any of the Defendant police officers are policymakers for the City of Beatrice, that a City of Beatrice official made a deliberate choice to follow a course of action made from among various alternatives, or that a policy was established by any other means. Plaintiff merely alleges "[u]pon information and belief" that "the City of Beatrice, the Beatrice Police Department and the City Attorney have a policy of arresting, charging and prosecuting any individual injured as a result of use of force by law enforcement, in the absence of probable cause and inability to prove the offenses beyond a reasonable doubt to a judge." (Filing No. 1 at CM/ECF p. 2 ¶ 3.)

While "allegations 'upon information and belief' may state a claim after *Iqbal* and *Twombly*, the claim must still be based on factual content that makes liability plausible, and not be formulaic recitations of the elements of a cause of action." *Klohs*

9

*v. Wells Fargo Bank, NA,* 901 F. Supp. 2d 1253, 1259 n.2 (D. Haw. 2012) (internal quotation marks and citation omitted). "'Information and belief' does not mean pure speculation." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st Cir. 2012) (quoted with approval in *Pope v. Fed. Home Loan Mortg. Corp.*, 561 F. App'x 569, 573 (8th Cir. 2014) (unpublished)). "When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are 'based on secondhand information that [he] believes to be true.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,* 631 F.3d 436, 442 (7th Cir. 2011) (quoting Black's Law Dictionary 783 (7th ed. 1999)). "Conclusory allegations that lack factual support and are based solely on 'information and belief' do not satisfy the federal pleading standards." *Montero v. Bank of Am., N.A.*, No. 13-CV-850, 2014 WL 562506, at *4 (D. Minn. Feb. 13, 2014) (citing *Cheng Lee v. Fed. Nat'l Mortg. Ass'n,* No. 13-2460, 2014 WL 503168, at *2 (8th Cir. Feb. 10, 2014) (unpublished); *Richter v. Fed. Nat'l Mortg. Ass'n,* No. 13-2524, 2014 WL 503176, at *1 (8th Cir. Feb. 10, 2014) (unpublished)).

To be clear, "[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and citations omitted), but Plaintiff does not contend either situation exists here.

To the extent Plaintiff attempts to allege a "custom" that resulted in a constitutional violation, he has completely failed to state facts indicating a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Beatrice employees; that the City's policymaking officials had notice of such misconduct; that after such notice, the officials tacitly authorized, or were deliberately indifferent to, the offending misconduct; and that a "custom" caused Plaintiff's injury. Rather, Plaintiff makes allegations regarding an isolated incident involving only him.

Because Plaintiff has failed to allege facts allowing the court to draw the reasonable inference that the City of Beatrice had an official or unofficial policy or custom which directed the Defendant police officers to use excessive force to wrongfully arrest and imprison Plaintiff, such claims must be dismissed.

**2. Failure to Train**

Plaintiff's other theory of liability as to the City is that the Defendant police officers did not receive adequate training in a myriad of subject areas—deescalating citizen confrontations and tense situations, conducting criminal investigations, making routine traffic stops, detecting when sobriety tests are appropriate, knowing what constitutes an arrest for Fourth Amendment purposes, and determining the existence of probable cause for arrest.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson, 563 U.S. 51, 61 (2011)*. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.*

A local government may be subject to § 1983 liability for inadequate training of its employees where:

(1) the municipality's training practices were inadequate;

(2) the municipality was deliberately indifferent to the constitutional rights of others, such that the "failure to train reflects a 'deliberate' or 'conscious' choice" by the municipality; and

(3) an alleged deficiency in the training procedures actually caused the plaintiff's constitutional injury.

*Rodgers v. Knight*, 781 F.3d 932, 942 (8th Cir. 2015) (quoting *Canton*, 489 U.S. at 388-91).

"Deliberate indifference" in the failure-to-train context "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (internal quotations and citation omitted). Because the City must have prior notice that its procedures were inadequate and were likely to result in a violation of constitutional rights, *Andrews*, 98 F.3d at 1076, "'[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.'" *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quoting *Connick*, 563 U.S. at 62).

Here, Plaintiff's Complaint simply regurgitates the elements of a failure-to-train claim without providing a plausible factual basis for concluding that the City of Beatrice's police-officer training was inadequate; that there was a pattern of similar constitutional violations by improperly trained City police officers; and that the City had prior actual or constructive notice of such a pattern, of the inadequacy of its training procedures, and that its training procedures were likely to result in constitutional violations. Perhaps most significant is Plaintiff's complete failure to allege any facts supporting his failure-to-train theory other than his own arrest and detention. This is insufficient to state a failure-to-train claim, and Defendants' Motion to Dismiss this claim must be granted. *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming Rule 12(b)(6) dismissal, stating: "Ulrich labels Pope County's supervision and training practices as 'inadequate' but points to no facts to support this assertion other than the example of his own arrest and detention. Generally, an isolated incident of alleged police misconduct, such as Ulrich alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983. Ulrich further fails to provide facts in his complaint to support his assertion that Pope County adopted deficient supervision and training practices with deliberate

indifference to the constitutional rights of others, and that these training practices were the product of the County's deliberate and conscious choices.") (citation omitted).

**D. False-Imprisonment Claim**

Defendants next argue that Plaintiff's § 1983 false-imprisonment claim must be dismissed as duplicative of his § 1983 false-arrest claim because both claims are based on the Defendant officers' lack of probable cause to arrest Plaintiff in violation of the Fourth Amendment. (Filing No. 8 at CM/ECF p. 11.) Plaintiff counters that while the two claims are related, they are not identical, as Plaintiff seeks damages for both his unlawful arrest *and* for his ongoing unlawful restraint in jail. (Filing No. 9 at CM/ECF p. 9.)

Plaintiff brings his purported false-imprisonment claim under § 1983 based on the Fourth and Fourteenth Amendments, alleging that his arrest without probable cause resulted in his transport to, and placement in, jail until the day following that arrest. (*See* Filing No. 1 ¶¶ 78-80 ("Plaintiff was placed under arrest without probable cause and taken to the jail where he remained until the following day"; Defendants "lacked the requisite probable cause to arrest and detain the Plaintiff against his will . . . .").) Plaintiff's allegations fail to state a § 1983 claim for two reasons. First, Plaintiff's false-imprisonment claim is simply an extension of his false-arrest claim.[3]

---

[3]*See Deezia v. City of Lincoln*, No. 4:17CV3033, Filing No. 31 at CM/ECF p. 15 (D. Neb. Sept. 11, 2017) (where plaintiff only alleged that his arrest and subsequent restraint in jail were based on lack of probable cause to arrest in violation of Fourth Amendment, § 1983 false-imprisonment claim would be dismissed without prejudice as duplicative of § 1983 false-arrest claim); *Kleinschnitz v. Phares*, No. 1:13-CV-0209, 2013 WL 5797621, at *8 (M.D. Ala. Oct. 28, 2013) ("a detention subsequent to an unlawful arrest does not automatically establish a § 1983 false imprisonment claim because the plaintiff must establish subjective deliberate indifference for the latter claim"; granting Rule 12(b)(6) motion as to plaintiff's § 1983 false-imprisonment claim because plaintiff alleged "no additional facts to establish that [the defendant] was deliberately indifferent to his right to be released

And second, false imprisonment is a state-law claim that is not actionable under § 1983. *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished 'without due process of law.'" (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979))).[4]

## II. CONCLUSION

Plaintiff has failed to allege facts allowing the court to draw the reasonable inference that the City of Beatrice had an official or unofficial policy or custom which directed the Defendant police officers to use excessive force to wrongfully arrest and imprison Plaintiff, or that a deficiency in training procedures actually caused the Plaintiff's alleged constitutional injury. Further, Plaintiff has failed to state a § 1983 claim for false imprisonment against the Defendant police officers in their individual capacities because such claim is simply an extension of his false-arrest claim and

---

during the brief detention following his unlawful arrest") (internal quotation and citation omitted); *Bowman v. City of Middletown*, 91 F. Supp. 2d 644, 660 (S.D.N.Y. 2000) (dismissing false-imprisonment claim as duplicative of false-arrest claim because "false imprisonment is merely a species of false arrest").

[4]*See also Egziabher v. Duell*, No. 5:11-CV-5088, 2011 WL 4916507, at *3 (W.D. Ark. Sept. 13, 2011), *report and recommendation adopted*, No. CIV. 11-5088, 2011 WL 4916421 (W.D. Ark. Oct. 17, 2011) (false-imprisonment claim is state-law tort claim not actionable under § 1983); *Dunkin v. Morales*, No. 1:11CV00010, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011) (because false imprisonment is a state-law tort claim that is not coextensive with the Fourteenth Amendment, plaintiff's claim for monetary relief for false imprisonment does not arise under the Constitution or federal statute, requiring dismissal of plaintiff's § 1983 claim for false imprisonment); *Ruegge v. Nebraska*, No. 4:06CV3095, 2008 WL 483435, at *3 (D. Neb. Feb. 19, 2008) (purported claim of false imprisonment without assertion of violation of due process is insufficient to state § 1983 claim); *McNeil v. City of Omaha*, No. 8:07CV143, 2008 WL 312715, at *2 (D. Neb. Jan. 30, 2008) (same).

because false imprisonment is a state-law claim that is not actionable under § 1983. Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall correct the case caption in this matter to indicate that Defendants Derrick Hosick, Beatrice Police Department Officer #306; Anthony Chisano, Beatrice Police Department Officer #304; and Natasha Nesbitt, Beatrice Police Officer #316, are sued in their individual and official capacities.

2. The Defendants' Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Filing No. 7), is GRANTED, and the following claims are dismissed <u>without prejudice</u>: (1) Plaintiff's § 1983 claims against Defendants City of Beatrice and Defendant Officers Hosick, Chisano, and Nesbitt in their official capacities and (2) Plaintiff's false-imprisonment claim.

DATED this 19th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge