IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENT W. RINNE,<br><br>    Plaintiff,<br><br>vs.<br><br>DERRICK HOSICK, Beatrice Police Department Officer #306, in his individual and official capacity; ANTHONY CHISANO, Beatrice Police Department Officer #304, in his individual and official capacity; and NATASHA NESBITT, Beatrice Police Officer #316, in her individual and official capacity;<br><br>    Defendants. | 4:18CV3037<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint ([Filing No. 27](#)). The motion will be granted.

## BACKGROUND

On March 13, 2018, Plaintiff brought suit against the City of Beatrice, Nebraska, Beatrice Police Officer Derrick Hosick ("Office Hosick"), Beatrice Police Officer Natasha Nesbitt ("Officer Nesbitt"), and Beatrice Police Officer Anthony Chisano ("Officer Chisano") (collectively "Defendants") alleging claims under 42 U.S.C. § 1983 for excessive force, false arrest, and false imprisonment. Plaintiff also asserted a state law negligence claim.[1] ([Filing No. 1](#).)

On September 19, 2018, Senior United States District Court Judge Richard Kopf entered a Memorandum and Order ([Filing No. 14](#)) dismissing, without prejudice, Plaintiff's § 1983 claims against the City of Beatrice, Officer Hosick, Officer Chisano, and Officer Nesbitt in their official

---

[1] Plaintiff's negligence claim was dismissed without prejudice ([Filing No. 12](#)) upon the parties' Stipulation of Partial Dismissal ([Filing No. 11](#)).

capacities, as well as Plaintiff's false-imprisonment claim.  Therefore, the only claims remaining in this action are Plaintiff's § 1983 claims against Officer Hosick, Officer Nesbitt, and Officer Chisano in their individual capacities for excessive force and false arrest.

On December 12, 2018, the Court entered a final progression order, setting January 30, 2019 as the deadline for Plaintiff to file motions to amend pleadings and/or add parties.  ([Filing No. 20](#).)  The written discovery deadline was set as May 31, 2019 and motions to dismiss and/or motions for summary judgment based on immunity defenses were required to be filed by July 15, 2019.  (*[Id](#)*.)  Plaintiff filed a Notice of Intent to Request Leave to File an Amended Complaint on April 30, 2019.  ([Filing No. 26](#).)  Plaintiff filed the instant Motion for Leave to Amend on May 7, 2019.  Defendants filed their brief in opposition to the motion on May 20, 2019.  Plaintiff did not submit a reply brief.

## DISCUSSION

Plaintiff seeks leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to add causes of action for (1) failure to intervene under § 1983 against Officer Chisano and Officer Nesbitt; (2) denial of the right to a fair trial against Officer Hosick; and (3) a state law tort claim for intentional infliction of emotional distress against the individual defendants and the City of Beatrice.  Defendants oppose the motion, arguing that a claim for intentional infliction of emotional distress is barred by the statute of limitations and that Plaintiff's proposed claim for denial of right to a fair trial is not recognized by the Eighth Circuit.  Defendants further argue that Plaintiff's motion should be denied as untimely.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires."  [Fed. R. Civ. P. 15](#).  However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *[Amrine v. Brooks](#)*, [522 F.3d 823, 833 (8th Cir. 2008)](#) (quotation and citation omitted).

When a party seeks leave to amend after a scheduling order deadline, that party must "first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BCD Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:05CV25, 2007 WL 2344814, at *3 (D. Neb. 2007). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal quotation omitted). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). However, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

Defendants maintain that Plaintiff should be denied leave to add a state law tort claim for intentional infliction of emotional distress due to futility. Defendant argues that any such claim is barred by the two-year statute of limitations set forth in the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"). The PSTCA "is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Geddes v. York County*, 273 Neb. 271, 275, 729 N.W.2d 661, 665 (2007). "Where a claim against a political subdivision is based upon acts or omissions of an employee occurring within the scope of employment, it is governed by the provisions of the PSTCA." *Britton v. City of Crawford*, 282 Neb. 374, 381, 803 N.W.2d 508, 514 (2011). The PSTCA provides that "all suits permitted by the [PSTCA] shall be forever barred unless begun within two years after such claim accrued." Neb. Rev. Stat. § 13-919(1).

Plaintiff's proposed Amended Complaint alleges that the conduct underlying this suit occurred on August 25, 2016, while Defendants were acting within the scope of their employment as officers with the City of Beatrice. There is no allegation in the proposed Amended Complaint that Defendants' alleged conduct constituted a continuing action. *See Ward v. City of Alliance*, 227 Neb. 306, 312, 417 N.W.2d 327, 332 (1988) ("The statute of limitations runs when plaintiff (1) knows or should have known of both the injury and the cause of harm or (2) has some awareness or imputed awareness that his injuries were the result of some wrongdoing on the part of the

defendant"). Therefore, Plaintiff was required to commence claims arising under the PSTCA by August 25, 2018.

This suit was filed on March 13, 2018 and the initial Complaint included a negligence claim, which was later dismissed without prejudice pursuant to a stipulation between the parties. The Complaint alleged that Plaintiff served a notice of claim upon the City of Beatrice within one year of the August 25, 2016 incident giving rise to this suit.[2] The proposed Amended Complaint also includes an assertion that a notice of claim was sent to the City of Beatrice within one year of the underlying incident. Plaintiff's proposed claim for intentional infliction of emotional distress, as set out in the Amended Complaint, is generally based upon the same set of operative facts alleged in the original Complaint. Thus, this claim could arguably relate back to the time of the original Complaint for purposes of the statute of limitations.[3] *See [West Omaha Inv. v. S.I.D. No. 48, 227 Neb. 785, 797, 420 N.W.2d 291, 299 (1988)](#)* ("[A]n amended pleading which relies upon the same set of facts as the original pleading, but simply alters the legal theory upon which recovery is sought, will relate back even though the statute of limitations has run in the interim"). The undersigned is unable to conclude at this time that amendment of the Compliant to add a claim for intentional infliction of emotional distress would be futile. *See [Gamma-10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994)](#)* (stating that a motion to amend should only be dismissed on the merits if it asserts clearly frivolous claims or defenses).

Plaintiff also seeks leave to add a claim for denial of a constitutional right to a fair trial. Plaintiff's Amended Complaint alleges that Officer Hosick forwarded false evidence and information to prosecutors. Plaintiff contends that as a result of Officer Hosick's actions, Plaintiff was forced to retain an attorney and "make appearances in court to defend himself against fabricated accusations." ([Filing No. 27-2 at CM/ECF p. 8](#).) Although the charges against him were dismissed by the Gage County Attorney, Plaintiff contends that due to this false evidence,

---

[2] The PSTCA requires a claimant to file a tort claim with the governing body of the political subdivision before bringing suit. *[Geddes v. York County, 273 Neb. 271, 729 N.W.2d 661 (2007)](#)*.

[3] This issue was not raised by the parties in their briefing of this motion.

the Nebraska Department of Motor Vehicles took his driver's license and did not return it for six months.

The Eighth Circuit Court of Appeals has stated that "[i]ntentionally or recklessly failing to investigate other leads or manufacturing false evidence may shock the conscience and can violate the Fourteenth Amendment's due process clause." *Livers v. Schenck*, 700 F.3d 340, 351 (8th Cir. 2012). The allegations in Plaintiff's proposed Amended Complaint appear to amount to a claim that Officer Hosick fabricated evidence to support criminal charges. Plaintiff will be allowed to amend his Complaint to assert this claim.

Defendants argue that leave to amend should be denied because Plaintiff has not shown good cause or excusable neglect for amending pleadings beyond the date set forth in the progression order. Plaintiff asserts that amendment out of time is warranted because discovery revealed that Officer Chisano and Officer Nesbitt did not intervene to protect Plaintiff even though they witnessed the alleged excessive use of force. *See Putnam v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (stating that a law enforcement officer who witnesses use of excessive force by another officer has a duty to intervene). Plaintiff claims this new evidence was obtained through depositions, as well as thorough videos taken from the cruiser's dash camera and the officers' body cameras. Plaintiff asserts that the video evidence has large gaps in the recordings and indicates that Defendants manipulated the recordings.

Defendants argue that the video evidence referenced by Plaintiff was produced on January 2, 2019—nearly a month before expiration of the deadline to amend pleadings and, thus, Plaintiff was not diligent in seeking leave to amend before the January 30, 2019 deadline. Plaintiff did not seek to amend his Complaint until over three months following the deadline to amend pleadings.

Having considered the matter, the Court finds Plaintiff did not engage in undue delay and good cause exists for amendment out of time. The late-filing of Plaintiff's Motion to Amend is excusable based on the timing of discovery. The video recordings were obtained shortly before the deadline to amend pleadings. Also, it appears that the defendant officers were not deposed until several months after the deadline to amend pleadings. (Filing No. 23.) Moreover, Plaintiff

filed the Motion to Amend before the expiration of the written discovery deadline and two months in advance of the motion to dismiss and/or summary judgment deadline. This action is less than eighteen months old and the proposed amendment will not significantly impact the scope of discovery or significantly delay case progression.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint ([Filing No. 27](#)) is granted. Plaintiff shall file his Amended Complaint by August 12, 2019. Defendants' Motion for Summary Judgment ([Filing No. 31](#)) is denied without prejudice to reassertion. Motions to dismiss and/or for summary judgment on immunity defenses only shall be filed not later than September 9, 2019. The parties are advised that if an extension of discovery deadlines is necessary in light of this Order, this relief should be sought by motion.[4]

Dated this 8th day of August, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[4] The Court notes that Plaintiff has indicated he would stipulate to an extension of discovery deadlines to accommodate additional discovery.