IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENT W. RINNE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:18CV3037 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BEATRICE, DERRICK HOSICK, Beatrice Police Department Officer #306, in his official capacity, ANTHONY CHISANO, Beatrice Police Department Officer #304, in his official capacity, and NATASHA NESBITT, Beatrice Police Officer #316, in her official capacity, | ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brings this 42 U.S.C. § 1983 action against the City of Beatrice and three of its police officers alleging excessive force and other constitutional violations stemming from an arrest for driving under the influence of alcohol, refusal to submit to a preliminary breath test, and failing to obey a police officer.[1] On September 19, 2018, this court granted Defendants' Partial Motion to Dismiss Plaintiff's section 1983 claims against the City of Beatrice and the Defendant police officers in their official capacities, leaving the individual-capacity claims pending. (Filing 14.)

On August 8, 2019, this court granted Plaintiff's Motion (Filing 27) for Leave to Amend Complaint (Filing 38), and Plaintiff filed his First Amended Complaint on

---

[1]According to the First Amended Complaint, Plaintiff was arraigned on only two of these charges—driving under the influence of alcohol and refusal to submit to a preliminary breath test. The Gage County Attorney eventually dropped the charges for "insufficient evidence." (Filing 39 ¶¶ 28, 31.)

August 13, 2019 (Filing 39). Despite the court having dismissed Plaintiff's section 1983 claims against the City of Beatrice and the Defendant police officers in their official capacities, Plaintiff's First Amended Complaint specifically states that Defendants Derrick Hosick, Anthony Chisano, and Natasha Nesbitt are "sued in their official capacity," apparently dropping his individual-capacity claims against them. (Filing 39 ¶ 15; *see also* Text-Only Order Dated Aug. 14, 2019 (Magistrate Judge ordering Clerk of Court to remove individual-capacity designation from caption on docket sheet pursuant to Amended Complaint).)

According to case law in the Eighth Circuit, the fact that the body of the First Amended Complaint occasionally describes the Defendants as the "individual police officers" or "individual defendants"[2] does not constitute "the requisite clear statement that [such Defendants] [a]re being sued in their individual capacities." *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (references in complaint's substantive paragraphs to defendants as the "individual Defendants" and complaint's request for exemplary damages that could not be recovered in official-capacity suit were not specific, express, and clear statements that officials were being sued in personal capacities; noting that more than "ambiguous" and "cryptic" pleading is required in the Eighth Circuit) (citing *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("specific pleading of individual capacity is required"); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("a clear statement that officials are being sued in their personal capacities" is required); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995) (rejecting plaintiff's argument that referring to defendants by name raised an individual-capacity claim and stating that a "cryptic hint" in plaintiff's complaint is not sufficient)). *See also Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013)

---

[2]See Filing 39 ¶¶ 32, 33, 50, 66.

("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'"); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("[S]ection 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'") (quoting *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir. 1984)).

However, because Plaintiff's initial official-capacity claims have already been dismissed; because Plaintiff's First Amended Complaint does not make official-capacity-related allegations that the City of Beatrice has a policy or custom[3] of

---

[3]A city may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

violating citizens' constitutional rights; and because the parties, in the context of Defendants' Amended Motion for Summary Judgment, raise and discuss qualified immunity (which applies to individual-capacity claims for money damages), I construe Plaintiff's First Amended Complaint as also suing Defendants in their individual capacities. I shall grant the parties time to object to the court's characterization of the First Amended Complaint before considering Defendants' Amended Motion for Summary Judgment (Filing 43). Accordingly,

IT IS ORDERED:

1. The court construes Plaintiff's vaguely worded First Amended Complaint as alleging claims against Defendants in both their official and individual capacities;

2. If either party objects to the court's characterization of the capacities in which Defendants are sued, they shall object on or before November 15, 2019; and

3. Defendants' Amended Motion for Summary Judgment (Filing 43) is held in abeyance until after November 15, 2019.

DATED this 5th day of November, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

*Jane Doe*, 901 F.2d at 646.